# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

―――――――――

August Term, 2013

(Argued: October 7, 2013    Decided: August 6, 2014)

Docket No. 12-4138-bk

―――――――――

IN RE: THELEN LLP

―――――――――

YANN GERON, as Chapter 7 Trustee of the Estate of Thelen LLP,

*Plaintiff-Appellant,*

― v. ―

SEYFARTH SHAW LLP,

*Defendant-Appellee.*

―――――――――

B e f o r e:

LYNCH, CHIN, and CARNEY, *Circuit Judges*.

―――――――――

Plaintiff-Appellant Yann Geron, as Chapter 7 Trustee of Thelen LLP,

appeals from a decision of the United States District Court for the Southern

District of New York (William H. Pauley III, *Judge*) granting Defendant-Appellee

Seyfarth Shaw LLP's motion for judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c). The district court concluded that under New York law, the "unfinished business doctrine" does not apply to a dissolving law firm's pending hourly fee matters, and that a partnership does not retain any property interest in outstanding hourly fee matters upon the firm's dissolution. On November 15, 2013, this Court certified two questions to the New York Court of Appeals pursuant to Second Circuit Local Rule 27.2 and 22 N.Y.C.C.R.R. § 500.27(a), seeking clarification on the application of the "unfinished business doctrine" in such circumstances. See In re Thelen LLP, 736 F.3d 213 (2d Cir. 2013). Having received that Court's response, see In re Thelen LLP, 2014 WL 2931526 (N.Y. July 1, 2014), we affirm the judgment of the district court.

AFFIRMED.

<hr />

HOWARD P. MAGALIFF, Rich Michaelson Magaliff Moser, LLP, New York, New York, *for Plaintiff-Appellant*.

THOMAS FEHER, Thompson Hine LLP, Cleveland, Ohio (M. Ryan Pinkston, Chicago, Illinois, and Robert W. Dremluk, Seyfarth Shaw LLP, New York, New York, *on the brief*), *for Defendant-Appellee*.

DAMIAN SCHAIBLE (David A. Lewis, *on the brief*), The Association of the Bar of the City of New York, New York, New York, *for Amicus Curiae in support of Defendant-Appellee.*

---

PER CURIAM:

On October 28, 2008, the partners of the law firm Thelen LLP ("Thelen") voted to dissolve the firm, which was insolvent.  In effectuating the dissolution, Thelen's partners adopted the Fourth Amended and Restated Limited Liability Partnership Agreement ("Fourth Partnership Agreement") and a written Plan of Dissolution.  The Fourth Partnership Agreement provided that it was governed by California law, and unlike its predecessor agreements, included an "Unfinished Business Waiver."  See In re Thelen LLP, 736 F.3d 213, 216-17 (2d Cir. 2013).

Following Thelen's dissolution, 11 Thelen partners joined Seyfarth Shaw LLP ("Seyfarth")—10 in its New York office and one in California.  The former Thelen partners transferred unfinished matters to Seyfarth, which billed clients for their services.  On September 18, 2009, Thelen filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York.

Yann Geron, as the Chapter 7 Trustee of Thelen's bankruptcy estate ("the Trustee"), commenced an adversary proceeding against Seyfarth in the United States District Court for the Southern District of New York. The Trustee sought to avoid the "Unfinished Business Waiver" as a constructive fraudulent transfer under 11 U.S.C. §§ 544 and 548(a)(1)(B) and California state law, and to recover the value of Thelen's unfinished business for the benefit of the estate's creditors. On the assumption that pending hourly matters were among a law firm's assets, the Trustee argued that Thelen's partners fraudulently transferred those assets to individual partners without consideration when they adopted the "Unfinished Business Waiver" on the eve of dissolution.

Seyfarth moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), arguing that New York law rather than California law defined whether it had received any property interest of Thelen, and that under New York law it had not. The United States District Court for the Southern District of New York (William H. Pauley III, *Judge*) agreed that New York law governed and then concluded that under New York law, the "unfinished business doctrine" does not apply to a dissolving law firm's pending hourly matters, and that a partnership does not retain any property interest in such

4

matters upon the firm's dissolution. The district court, therefore, granted

Seyfarth's motion for judgment on the pleadings, and then *sua sponte* certified its

order for interlocutory appeal.

On appeal, we agreed that New York law governed the parties' dispute,

and certified two unresolved questions of New York law regarding the

applicability and scope of the "unfinished business doctrine" to the New York

Court of Appeals. Specifically, we asked:

> Under New York law, is a client matter that is billed on
> an hourly basis the property of a law firm, such that,
> upon dissolution and in related bankruptcy
> proceedings, the law firm is entitled to the profit earned
> on such matters as the "unfinished business" of the
> firm?
>
> If so, how does New York law define a "client matter"
> for purposes of the unfinished business doctrine and
> what proportion of the profit derived from an ongoing
> hourly matter may the new law firm retain?

In re Thelen LLP, 736 F.3d at 225. We noted that the state-law questions were

"dispositive of the case before us," because if the Trustee was correct that the

partners had transferred a property interest of Thelen, "the Trustee's case goes

forward," but that if he was not, "the case is over and the Trustee's claims must

be dismissed." Id.

On July 1, 2014, the New York Court of Appeals issued an opinion concluding that the first certified question should be answered in the negative. It held that "no law firm has a property interest in future hourly legal fees because they are too contingent in nature and speculative to create a present or future property interest." In re Thelen LLP, 2014 WL 2931526, at *5 (internal quotation marks omitted). The Court declined to answer the second certified question because, in light of its first holding, it was unnecessary to do so.

The opinion of the New York Court of Appeals thus demonstrates that the district court correctly granted Seyfarth Shaw's motion for judgment on the pleadings. We therefore affirm the judgment of the district court.

## CONCLUSION

For the foregoing reasons the judgment of the district court is AFFIRMED.